No. 30,291.

JOSEPH E. CAMPBELL, *Appellee,* v. E. H. McDONALD and FRANK McDONALD, *Appellants.*

(15 P. 2d 462.)

Opinion filed November 5, 1932.

*David F. Carson* and *William Drennan,* both of Kansas City, for the appellants.

*Elmer E. Martin* and *J. O. Emerson,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to enjoin obstruction of a highway. Plaintiff recovered, and defendants appeal.

The amended petition alleged that plaintiff purchased from Theresa McDonald, defendants' predecessor in interest, a tract of land consisting of 2.41 acres. On this tract, together with twenty acres adjoining on the south, plaintiff established his homestead and established at great expense a pleasure resort. North of the small tract was a 50-foot strip of land reserved by Theresa McDonald, and the petition alleged facts showing dedication by Theresa McDonald of the strip for a highway for use of plaintiff in connection with his land, and for general public use, and alleged facts estopping Theresa McDonald and defendants to dispute such dedication. The answer denied generally the averments of the petition and asserted the roadway claimed by plaintiff was not and never had been a public highway. The answer further pleaded, as *res judicata* against plaintiff, a judgment in an action by the Kansas City Quarries Company against Theresa McDonald and the present defendants. The answer asserted that by reason of the judgment and a course of conduct plaintiff was estopped from asserting any right to a way across defendants' land.

The allegations of the petition were fully established by ample evidence pursuant to which the jury returned findings of fact in favor of plaintiff. The findings were approved by the court and were made the basis of the judgment in favor of plaintiff. Defendants complain because certain evidence which they offered was rejected.

In connection with cross-examination of plaintiff there was admitted in evidence a lease given plaintiff by Theresa McDonald of certain land for the purpose of operating a rock quarry. The lease also contained grant of privilege to lay a switch track across the 50-foot strip, to connect the leased land with the main line of the St. Louis & San Francisco railroad, which bordered the 50-foot strip on the north. Defendants contended the lease indicated recognition by plaintiff of Theresa McDonald's title to the 50-foot strip.

Acceptance of the grant for switch-track purposes was not necessarily inconsistent with a claim of right to use the strip for ordinary highway purposes. The testimony of the Campbells with respect to

dedication of the strip for highway purposes and estoppel to dispute dedication could not be reconciled with the testimony of the McDonalds. The jury found for Campbell on all disputed matters, and the rout of the McDonalds was so complete there is no reason to believe it would have made the slightest difference in the result if the lease had remained in evidence. However, it was stricken out.

Plaintiff offered in evidence the judgment and some other portions of the record in another case between plaintiff and the McDonalds. Defendants objected to the evidence. The court examined the evidence in an intermission and on the reconvening of court sustained defendants' objection. The court said the judgment showed the lease did not express the intention of the parties with respect to the 50-foot strip, but introduction of the record might mislead the jury. That left in evidence a lease which had been reformed, or at least did not embody the agreement of the parties, and the court withdrew the lease from consideration by the jury. The judgment which the court perused is not in the record under review, and this court cannot declare that the district court erred in striking out the lease.

Plaintiff made a contract relating to his stone quarries with a company which seems to have been a predecessor of the Kansas City Quarries Company. Later plaintiff made a straight assignment to the quarries company of his lease from Theresa McDonald. After this assignment was made the McDonalds threatened to obstruct the road over the 50-foot strip. The quarries company commenced an action to enjoin obstruction, and a judgment was rendered which the answer asserted adversely adjudicated plaintiff's right to use the strip as a highway.

The petition of the quarries company alleged that Campbell had an easement of way over the 50-foot strip for access to the quarry land; that the way was the only means of ingress to and egress from the quarry land, and was necessary to its use; that the way had been used and maintained by Campbell, had been used by the general public, and had been maintained and used by the quarries company and its customers for the purposes stated, with the knowledge and acquiescence of the McDonalds. There was no reference in the petition to use of the 50-foot strip by Campbell in connection with his pleasure resort.

When the action by the quarries company was commenced, Campbell had parted with his interest in the quarry land and his interest in access to that land. He was not a party to the suit, and was not

interested in it. He had no opportunity to participate in the framing of issues or the trial of issues. The quarries company had no authority to represent him, and, as indicated, the right asserted by Campbell in the present action was not pleaded or referred to. The journal entry of judgment discloses no trial of issues of fact or finding of anything as the result of trial of issues of fact. There are indications the judgment rendered was a consent judgment, but Campbell consented to nothing. In any event, the judgment was not available to defendants as res judicata against Campbell in this action, and defendants have cited no authority even remotely indicating that it was.

Defendants declined to offer in evidence the judgment in the quarries company case separately. They only offered the judgment in connection with the lease. The court was authorized to reject the judgment because of the form of the offer, but waiving that, the judgment did not tend to support the defense of res judicata.

The foregoing disposes of the merits of this controversy. There are numerous assignments of error, and much discussion of them. None of them relates to anything approaching such invasion of the substantial rights of defendants as to require a new trial.

The judgment of the district court in favor of plaintiff is affirmed.